# United States District Court



### for the
### Western District of New York

| | |
|---|---|
| **United States of America**<br>v.<br><br>**JAIME FONTANEZ**<br>**DANIEL ACEVEDO,**<br><br>*Defendants* | Case No. 14-MJ- 4007 |

## CRIMINAL COMPLAINT

I, <u>JEFFREY PLATTOS,</u> the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of February 4, 2014, in the County of Monroe, in the Western District of New York, the defendants violated offenses described as follows:

knowingly and unlawfully conspiring to possess with intent to distribute 500 grams of or more of cocaine, in violation of Title 21, United States Code, Section 846; knowingly and unlawfully attempting to possess 500 grams of cocaine with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B) and Title 18, United States Code, Section 2; and knowingly and unlawfully possessing cocaine with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

SEE ATTACHED AFFIDAVIT OF SPECIAL AGENT JEFFREY PLATTOS.

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

<u>S/A JEFFREY PLATTOS, DEA</u>
*Printed name and title*

Sworn to before me and signed in my presence.

Date: February 5, 2014

*Judge's signature*

City and State: <u>Rochester, New York</u>

<u>HON. MARIAN W. PAYSON, U.S.M.J.</u>
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

Jaime FONTANEZ
Daniel ACEVEDO,

              Defendants.

14-MJ- 4007

AFFIDAVIT

---

STATE OF NEW YORK )
COUNTY OF MONROE ) SS:
CITY OF ROCHESTER )

I, Jeffrey Plattos, affirm to the following facts:

1. I am a Special Agent with the Drug Enforcement Administration, United States Department of Justice and as such, I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and make arrests for offenses enumerated in Section 841 of Title 21, United States Code.

2. I have been employed with the Drug Enforcement Administration (DEA) since March 2010. I am currently assigned to the DEA Rochester Resident Office. As part of my employment with the DEA, I successfully completed DEA Basic Agent Training, a nineteen week course covering all aspects of drug trafficking investigations. I have participated in multiple cases involving the distribution of illegal drugs. I am familiar with

how controlled substances are obtained, manufactured, diluted, packaged, distributed, and sold. Prior to my employment with the DEA, I served as a Police Officer and Investigator for the City of Tallahassee Police Department in Tallahassee, Florida for approximately eight years. During this time I gained served as a patrol officer, financial crimes investigator, and violent crimes investigator.

## PURPOSE OF THE AFFIDAVIT

3. This affidavit is submitted in support of a criminal complaint against Jaime FONTANEZ and Daniel ACEVEDO with violations of Title 21, United States Code, Section 846 (conspiracy to posssess with intent to distribute 500 grams of or more of cocaine); Title 21, United States Code, Section 841 (a)(1), (b)(1)(B) and Title 18, United States Code, Section 2 (attempted possession of 500 grams of cocaine with intent to distribute); and Title 21, United States Code, Section 841(a)(1), (b)(1)(C) (possession of cocaine with intent to distribute).

4. The assertions made herein are based solely upon the personal knowledge of your affiant or upon information I have received from this investigation. Further, I have had discussions with other officers involved in this investigation and the factual allegations contained within this affidavit are true and accurate to the best of my knowledge and belief.

## FELONY NARCOTICS TRAFFICKING CONVICTION OF FONTANEZ

5.  On June 23, 2003, Fontanez was convicted upon his plea of guilty to Criminal Possession of a Controlled Substance in the Third Degree, a class B felony, in Monroe County Court, for which he was sentenced to 3 to 9 years imprisonment. This satisfied his arrest charge of Criminal Possession of a Controlled Substance in the First Degree. This incident involved FONTANEZ's possession of more than four (4) ounces of cocaine underneath the driver seat that was seized from the vehicle he was operating after he was stopped by police officers.

## SEIZURE OF THREE KILOGRAMS OF COCAINE

6.  On February 3, 2014, Postal Inspector Jeff Maul applied for and received a search warrant issued by the Honorable Marian W. Payson, United States Magistrate Judge. Upon execution of the search warrant, law enforcement observed the parcel, which was a white US Postal cardboard box contained plastic bags that contained loaves of bread, cookies, and candy along with three large aluminum cans. These can were seven pound cans that were labeled "mama 'tajadas de papaya'". These cans each contained sliced papayas. Secreted in the middle of each can was one kilogram of cocaine that was sealed in plastic and further sealed inside what appeared to be a large rubber condom. Law enforcement subsequently performed a field test on the suspected cocaine, which returned a positive result for the presence of cocaine.

## CONTROLLED DELIVERY OF PACKAGE

7.  On February 4, 2014, at 11:05 am, DEA Agent Schmitz applied for and received an anticipatory search warrant for 72 Jewel Street Rochester, New York and a court order authorizing the installation, activation, and monitoring of electronic transmitting device issued by the Honorable Marian W. Payson, United States Magistrate Judge. Upon execution of this order, Inspector Maul secreted an electronic transmitting device, commonly referred to as a "beeper" within this box.

8.  Inspector Maul repacked the original box, however he substituted the papaya cans with a similar size can that contained "Goya" brand beans. Inspector Maul removed the labels from these three silver cans to more closely resemble the papaya cans.

9.  On February 4, 2014, at approximately 12:58 p.m., Rochester Police Department Investigators Morales, Briganti, and Swain in conjunction with DEA agents did begin surveillance of 72 Jewel Street. At approximately 1:40 p.m., Inspector Maul, acting in an undercover capacity, arrived at 72 Jewel Street and delivered the above mentioned box. Postal Inspector Maul advised that an older female who matched a picture of Wanda Pena, the believed resident of this location, was the person who identified herself as Ramona Pena, the receiver's name on the box. Inspector Maul handed the box to Pena who took it inside 72 Jewel Street while surveillance investigators observed the delivery.

4

Postal Inspector Maul stated that a female wearing a pink hoodie signed for the package, and signed the name Ramona Pena, who the package was addressed to. DEA Agent Schmitz was monitoring the transmitting device which was emitting a high-frequency signal every four (4) seconds.

10. At approximately 1:52 p.m., a female Hispanic who Investigator Morales identified as Wanda Pena wearing a pink hoody walked out of 72 Jewel Street onto the porch, looked up and down Jewel Street, and then returned inside 72 Jewel Street. At approximately 2:07 p.m., Investigators Swain and Briganti observed a 2005 Honda Odyssey minivan bearing NY license plate GHA-6115 traveling southbound on Jewel Street. This minivan is registered to Jaime Fontanez, 78 Ketchum Street, Rochester, NY. The vehicle then parked on the east side of Jewel Street facing the wrong way, approximately one half block from 72 Jewel Street. No persons exited the vehicle while it remained parked there.

11. A few minutes later, surveillance observed the minivan travel southbound past 72 Jewel Street, then proceed out of sight. A minute or so later, surveillance observed the minivan again travel southbound past 72 Jewel Street, proceeding out of sight. A minute or so later, surveillance observed the minivan arrive at 72 Jewel Street and pull into the driveway next to 72 Jewel Street. Investigator Morales observed a male Hispanic later identified as Daniel Acevedo wearing a gray jacket, knit hat, and jeans exit the front passenger side of the minivan and enter into 72 Jewel Street, Rochester, NY.

12. Approximately two minutes after Acevedo entered 72 Jewel Street, that Agents and Investigators were alerted via radio that the beeper inside the package had gone off, and that the package had been opened. This was based on the transmitter emitting two (2) high-frequency signals every second. Such signal alerted Agent Schmitz and other members of law enforcement who monitored the transmitter over a radio frequency, that the box was opened.

### EXECUTION OF SEARCH WARRANT AT 72 JEWEL STREET

13. Law enforcement then approached 72 Jewel Street. Agents secured the driver of the minivan, later identified as Jaime Fontanez, which was still parked in the driveway. Approximately one minute later, your affiant knocked on the front door at 72 Jewel Street and announced "Police". A few seconds later, Agent Schmitz knocked again and announced "Police Search Warrant". Several seconds later, after nobody answered the door, Agent Schmitz used a ram forcing entry into this residence.

14. Once inside, Agent Schmitz observed a young female, later identified as Marianna DeJesus-Pena and Ronald Alvarino-Afonso both approaching the front door from down a long hallway to the left of the kitchen. As law enforcement secured the rest of the residence, Agent Schmitz moved into the kitchen area in the rear of the house where there were stairwells going up to the second floor and down to the basement. There was also a rear door of the residence, which Agent Schmitz noted was slightly ajar. Agent Schmitz was the first person up the stairs to the second floor, which had access to the attic.

As Agent Schmitz ascended the stairs, he announced "Police Search Warrant" and a male subject upstairs said, "Ok don't shoot." Agent Schmitz observed the male, later identified as Daniel ACEVEDO, exiting the attic area and onto the second floor. ACEVEDO, who had $271 in U.S. currency on his person and a marijuana cigarette, was secured and law enforcement secured the rest of the residence.

15. The second floor of this residence had two locked doors and a door, which was open, that led to the attic. The attic appeared to be un-inhabited and vacant.

16. As Agent Schmitz was taking pictures of the residence prior to the execution of the search warrant, he observed the postal box in the front room of this residence. The contents, except for the three silver cans, appeared to be dumped onto the front room table. The three silver cans were inside a white plastic bag and located on the attic stairs next to where ACEVEDO was located.

17. Law enforcement did not locate Wanda Pena, the lady who identified herself to Inspector Maul and took the box, inside the residence.

18. All subjects were conveyed to the DEA Rochester Resident Office for interviews. Special Agent Will MacMillan obtained a signed consent to search form from Jaime FONTANEZ, the driver of the above-mentioned Odyssey minivan, which was parked in the driveway at 72 Jewel Street. As Agent Schmitz searched the minivan, he located a small clear plastic bag, which contained a white powder that appeared to be

cocaine, inside a center storage compartment located on the floor between the driver and front passenger seat. Your affiant conducted a field test, which indicated positive for the presence of cocaine. This bag with the suspected cocaine weighed approximately 17 grams. There was also US Mail addressed to Jaime FONTANEZ at 78 Ketchum Street Rochester, New York in the front passenger door pocket.

## POST ARREST STATEMENT OF DANIEL ACEVEDO

19.     At the Rochester Resident Office, Investigator Morales and Agent Schmitz escorted Daniel ACEVEDO to the interview room. Agent Schmitz read Daniel ACEVEDO his Miranda Rights from a DEA Miranda Rights card. ACEVEDO stated he understood his rights and would waive them and answer questions. Agent Schmitz inquired about ACEVEDO being at this residence. ACEVEDO stated he was there to purchase cookies that were from Puerto Rico. ACEVEDO was asked where Wanda went and he said he did not know. ACEVEDO heard Agent Schmitz announce "Police" so he ran upstairs to the attic because he had a small bag of marijuana in his pocket. ACEVEDO was asked if Wanda ran up to the attic as well, and ACEVEDO said, "No." When Agent Schmitz and Investigator Morales inquired about the bag and cans that were on the attic stairs, ACEVEDO stated he didn't know anything about the cans (even though he was the only person in the attic). ACEVEDO then stated he wanted a lawyer.

## CONCLUSION

20.     Based upon my training and experience and knowledge of this investigation, it is my opinion that the individuals charged herein conspired to possess with intent to distribute cocaine in the Western District of New York. This opinion is based on: (1) my training and experience in cocaine investigations; (2) conversations with other experienced narcotic officers; (3) the large quantity of cocaine, which was far in excess of amounts consistent with personal consumption, (4) the fact that the box was inside the residence for approximately 25 minutes and was not opened until ACEVEDO and FONTANEZ arrived at the residence, (5) FONTANEZ's prior experience in trafficking large amounts of cocaine, (6) the observations of Agent Schmit that ACEVEDO was the only person in the attic; and (7) ACEVEDO's admissions that he was the only person in the attic where the evidence (cans) were located.

21.     Accordingly, I submit there is probable cause to believe that Jaime FONTANEZ and Daniel ACEVEDO have violated Title 21, United States Code, Section 846 (conspiracy to posssess with intent to distribute 500 grams of or more of cocaine); Title 21, United States Code, Section 841 (a)(1), (b)(1)(B) and Title 18, United States Code, Section 2 (attempted possession of 500 grams of cocaine with intent to distribute); and Title

21, United States Code, Section 841(a)(1), (b)(1)(C) (possession of cocaine with intent to distribute).

_____
Jeffrey Plattos
Special Agent
Drug Enforcement Administration

Sworn to before me this
5th day of February, 2014.

_____
HON. MARIAN W. PAYSON
United States Magistrate Judge
Western District of New York

10